**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SCOTT M. CANTOR, BAR NO. 1713.

No. 68044



FILED

SEP 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Scott Cantor. Under the agreement, Cantor admitted to violations of RPC 1.1 (competence), RPC 1.2 (scope of representation), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), RPC 3.4 (fairness to opposing party and counsel), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

The agreement provides for a stayed six-month-and-one-day suspension, with the following conditions: (1) probation for one year with quarterly reports submitted to Bar Counsel, during which time, Cantor must stay out of trouble and not receive any grievances that result in actual discipline, which would be considered a violation of probation; probation to start the day the plea is accepted by the panel; (2) Cantor shall obtain a mentor approved by Bar Counsel to monitor his practice; the mentor shall be a Nevada licensed attorney in good standing; the mentor will monitor Cantor's active cases and ensure that his cases are properly

15-29502

filed, calendared, and clients are advised; the mentor will ensure that Cantor maintains a proper accounting system and will review the trust account; the mentor shall submit a quarterly report to Bar Counsel about Cantor's progress and any issues that may have developed; (3) the mentoring agreement shall be executed by Cantor and the mentor within 30 days of the hearing; (4) Cantor shall submit a quarterly report to Bar Counsel providing an update as to his place of employment, area(s) of practice, his caseload, and any issues that may have developed; and (4) Cantor shall pay the actual costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries, within one year.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a stayed sixth-month-and-one-day suspension. Additionally, Cantor must comply with all of the conditions in the plea agreement, as outlined above. Cantor and the State Bar shall comply with the applicable provisions of SCR 121.1 and SCR 115 and 116, if necessary.

It is so ORDERED,[1]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

[1]The Honorable Nancy M. Saitta, Justice, voluntarily recused herself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

DOUGLAS, J., dissenting:

I would reject the plea.

_____, J.
Douglas


cc:  Chair, Southern Nevada Disciplinary Board
    Sean Claggett & Associates, Inc.
    Bar Counsel, State Bar of Nevada
    Kimberly Farmer, Executive Director, State Bar of Nevada
    Perry Thompson, Admissions Office, United States Supreme Court